[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Sam S. Fiori, Jr. ("claimant") filed a claim for unemployment compensation benefits against Egan Enterprise, Inc. d/b/a Egan's Corner Store ("successor employer"), of Norwalk. The claimant sold his business, a gasoline station and convenience store, to CT Page 4635 the successor employer on May 9, 1996. The successor employer contends that the claimant voluntarily terminated his business by selling it and that its account should not be charged for the benefits sought by the claimant.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act ("administrator"), General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits. The administrator awarded benefits on the basis that the claimant left employment for good cause attributable to the employer in the sense that he sold his business, the gas station and store named Silvermine Shell Foods, Inc., because it was experiencing financial difficulties, and that the successor employer, as purchaser of the claimant's business, was chargeable for such benefits.
Pursuant to General Statutes §§ 31-241 and 31-242, the successor employer appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The referee made certain findings of fact including: (1) the claimant was the president and sole stockholder of Silvermine Shell Foods, Inc., which had been in business for approximately seven years prior to its sale; (2) the claimant's business lost approximately $79,000 over the last three years of its operation, the primary reason being a marked decrease in customer traffic because of the opening of a new road in Norwalk; (3) the claimant tried unsuccessfully to keep his business going, including: (i) not increasing his salary; (ii) loaning the company some money; and (iii) requesting the franchisor, Shell Oil Company, to decrease the rent his company was paying; (4) the sale to the successor employer for $85,000 resulted in a net gain to the claimant of $41,000; (5) there was no reasonable prospect of improving the claimant's business which would have "eventually failed."
Thus, the appeals referee affirmed the administrator's decision granting unemployment compensation benefits to the claimant. In doing so, the referee relied on a previous decision, Fortuna V.Grandma's Old Fashioned Bakery, Inc., 23-BR-88 (3/15/88), which held that "compelling economic necessity" justified the termination of self-employment. The referee ruled that the claimant had proved that such necessity existed and therefore that "the claimant left work for good cause."
The successor employer appealed this decision to the employment security appeals division board of review ("board") in accordance CT Page 4636 with General Statutes §§ 31-249 and 31-249a. The board adopted the referee's findings of fact and conclusion of eligibility. The board relied, as did the referee, on Fortuna, and stated that the claimant had successfully proved the four requirements for a self-employed person to be eligible for benefits, viz., (i) the business had been operating at a loss for a considerable period of time; (ii) it was reasonably probable that the business would continue to operate at a loss for the indefinite future; (iii) the claimant had not been drawing a salary disproportionately higher than the value of his services; and (iv) the claimant's profit of $41,000 on the sale of his business in this case did not represent a "significant" profit. The board stated that "the realization of net profit" on a sale does not mean that the business was still viable, and that the claimant had terminated his business "for compelling financial necessity."
The successor employer, hereinafter referred to as the "plaintiff," appeals to this court pursuant to General Statutes § 31-249b. The plaintiff contends that: (i) the claimant voluntarily sold his business for a profit and should be ineligible for compensation; (ii) the claimant never offered to work for the successor employer; (iii) the claimant had a viable option to unemployment in that he could have taken his $41,000 profit and invested in some other business; and (iv) the claimant had mismanaged his business because the successor employer, the plaintiff, had been operating the business successfully since its purchase. The plaintiff also contends that the result of the board's decision in this case is bizarre because the claimant sold his business for $85,000, realized a net profit of $41,000, did not seek continued employment from the purchaser, went to the Unemployment Office, and was awarded compensation benefits which are then charged to the purchaser. The plaintiff is contending, in effect, that the board is taking the concept of caveat emptor to a new extreme.
The board filed a return of record pursuant to General Statutes § 31-249b, and a hearing was held before this court on December 10, 1999.
The law applicable to this case is General Statutes § 31-236(a)(2)(A), which provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer." See also § 31-236-17(b) of the Regulations of Connecticut State Agencies. CT Page 4637
The appeals referee and the board both cited Fortuna v. Grandma"s Old Fashioned Bakery, Inc. as authority that a successor employer can be liable for benefits to a self-employer individual who sells his business. Thus, our starting point in reviewing this present appeal is the Fortuna case. In that case, the board first cited two previous cases for the proposition that "a claimant whose unemployment is due to his decision to sell his business has caused his own unemployment and thus is ineligible for benefits." Then, the board stated that the real issue was not the voluntary nature of the discontinuance and/or sale of a business but rather whether the claimant "had sufficient cause for so doing." The board gave as examples of "compelling financial circumstances" involuntary bankruptcy and Chapter 7 or Chapter 11 liquidation proceedings, but stated that there could be other circumstances sufficient to warrant a self-employed individual ceasing to operate a business. At that point, the board established five factors, only four of which were ruled on by the board in this case. The fifth factor in Fortuna was whether "(5) whether there were any reasonable options available that would have allowed the business to continue." The board in this case did not specifically rule on the last of the five criteria in Fortuna regarding available options to continue the business. Secondly, the board in the present appeal simply stated that the claimant had not realized a "significant profit" from his sale without any further analysis, whereas Fortuna in footnote 6 on page 7 of its decision stated: "While we do not address in this decision what constitutes substantial profit — particularly whether the claimant is entitled to recover his initial investment or whether the claimant is entitled to a return on his investment — we note the legal rate of interest of eight percent per year provided by Conn. Gen. Stat. § 37-1(a)."
Hence, this court remands the case to the board for its ruling on the fifth of the Fortuna factors and an analysis of the profit realized by the claimant in this case.
So Ordered.
Dated at Stamford, Connecticut, this 14th day of March, 2000.
William B. Lewis, Judge. CT Page 4638